IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BRUCE MONROE GREER,

Plaintiff,

v.                                             CIVIL ACTION NO.: CV610-071

Warden HOOK; Warden DILL;
Warden SMITH; GEORGIA
DEPARTMENT OF CORRECTIONS;
Dr. ALSTON; and PRISON HEALTH
SERVICES, INC.,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Men's State Prison in Hardwick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states that he is a disabled individual who "suffers from several serious medical conditions." (Doc. No. 5, p. 1). Plaintiff states he applied for hepatitis C treatment and was denied. (Doc. No. 5, p. 2). Plaintiff says his request for a transfer to a medical facility has been denied. Plaintiff states that Dr. Alston has reduced Plaintiff's dosage of pain medication.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to mention Defendants Hook, Dill, Smith, and Prison Health Services, Inc. in the body of his complaint, and does not allege any facts delineating how these defendants have violated his constitutional rights. It appears that Plaintiff attempts to hold these parties liable based solely on their supervisory positions. In § 1983 actions, liability must be based on

something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's claims against the Georgia Department of Corrections should be dismissed. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Will, 491 U.S. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, the Eleventh Amendment immunizes the Georgia Department of Corrections from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon jail officials to take reasonable measures to guarantee the safety of prisoners. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether the jail officials exhibit a deliberate indifference to the serious medical needs of prisoners. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or

course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505. Plaintiff's claims that Defendant Alston improperly lowered Plaintiff's dosage of pain medication only evidences a difference in opinion about the course of Plaintiff's treatment—not a constitutional violation. Plaintiff's allegations are insufficient to establish that Defendant Alston was deliberately indifferent to his condition.

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of October, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE